**TEXAS OIL & GAS CORP., Plaintiff,**

v.

**Cecil ANDRUS, Defendant.**

**Civ. A. No. 80–0488.**

United States District Court,
District of Columbia.

Sept. 25, 1980.

See also, 498 F.Supp. 668.

James W. McDade, Jason R. Warran, Washington, D. C., Bradley D. Jesson, Ft. Smith, Ark., Craig R. Carver, Denver, Colo., for plaintiff.

Andrew F. Walch, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION

JOYCE HENS GREEN, District Judge.

By way of cross–motions for summary judgment, plaintiff Texas Oil & Gas Corporation contests and Secretary of the Interior Cecil D. Andrus defends the November 1, 1979, action of the Secretary in ordering the rejection of all noncompetitive oil and gas lease offers, including those submitted by plaintiff for lands on Malmstrom Air Force Base, Montana, filed prior to September 21, 1978, and in placing a moratorium on the issuance of any noncompetitive oil and gas leases on lands of the United States acquired for military or naval purposes. For the same reasons given in the Court's decision today in a related action filed by plaintiff, *Texas Oil & Gas Corp. v. Andrus,* 498 F.Supp. 668 (D.D.C. 1980), summary judgment appropriately can be entered in favor of defendant Andrus and against plaintiff.

The three noncompetitive lease applications at issue in this action were filed with the Montana State Office of the Bureau of Land Management (BLM) of the United

States Department of the Interior on May 20, 1977. By means of these lease offers, plaintiff sought to gain the right to undertake oil and gas exploration and development on certain federal lands located within the confines of Malmstrom Air Force Base. These filings were made approximately nine months after the effective date of an amendment to the Mineral Leasing Act for Acquired Lands, 30 U.S.C. §§ 351–359, which deleted a provision that had previously banned the granting of oil and gas leases for public lands, like Malmstrom Air Force Base, that were acquired for military use. Federal Coal Leasing Amendments Act of 1975, Pub.L.No. 94–377, § 12, 90 Stat. 1090 (1976), *codified at* 30 U.S.C. § 352 (1976).[1]

On August 17, 1977, the BLM office in Montana rejected plaintiff's lease applications on the ground that 43 C.F.R. § 3101.2–1(f) made lands acquired for military purposes unavailable for leasing. Five days later plaintiff's assistant general counsel notified the Montana BLM office of the 1976 amendment to section 352. As a result, on September 2, 1977, the Montana BLM office vacated its previous decision and referred the matter to the Commander of Malmstrom Air Force Base for a determination, as is required by section 352, of whether the Department of Defense would allow the leases.

The base commander made an initial decision not to consent to the leases and on November 16, 1977, the Montana BLM office issued another decision rejecting the three lease applications for that reason. As a result of consultations between plaintiff and the base commander, however, the base commander decided to reconsider his decision and seek input from the Department of Defense in Washington. Consequently, the Montana BLM office informed plaintiff that its November 16, 1977, decision should not be regarded as final and that the matter would be held in abeyance pending a final decision from the Defense Department.

The need for a final determination by the military became moot on November 1, 1979, when the Secretary issued a decision that ordered the BLM to reject any application filed prior to September 21, 1978, the effective date of an amendment to 43 C.F.R. § 3101.2–1(f) designed to incorporate into that regulation the statutory amendment to section 352. Further, Secretary Andrus ordered BLM not to grant any applications for noncompetitive leases on public lands acquired for military use until further directive from his office. On November 30, 1979, the Montana BLM office again issued a decision rejecting plaintiff's three lease applications.

In challenging the determination of the Secretary directing the cancellation of all lease applications filed prior to September 21, 1978, which was a final order subject to judicial review, plaintiff raises the same contentions as it does in *Texas Oil & Gas Corp. v. Andrus,* 498 F.Supp. 668, and for the same reasons given in the decision in that case those arguments must fail. The Court finds the Secretary's invocation of 43 C.F.R. § 2091.1 and 43 C.F.R. § 3101.2–1 as the basis for rejection of all lease applications filed prior to September 21, 1978, to be proper as within his authority and in accordance with the applicable statutes and regulations. *Id.* at 671. Further, the Court finds that estoppel against the defendant is improper in this instance, *id.* at 677, and that there is insufficient proof to show that the Secretary's determination was motivated by political considerations, *id.* at 677. Accordingly, the Secretary's decision to reject all lease applications including plaintiff's three offers, filed before September 21, 1978, must be upheld.

Because the plaintiff's lease applications properly were rejected it now has no pending lease applications and thus no standing in this litigation to question

---

1. A fuller exposition of the statutory, regulatory, and factual background involved in the defendant's decision to reject all noncompetitive lease applications filed before September 21, 1978, and to impose the leasing moratorium is found in the memorandum opinion filed this date in *Texas Oil & Gas Corp. v. Andrus,* 498 F.Supp. 668.

whether the moratorium imposed by the Secretary on the granting of noncompetitive leases on lands acquired for military use is invalid as not in conformity with the requirements of the Federal Land Policy and Management Act, 43 U.S.C. §§ 1701–1782.